# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM S. VECK,

      Petitioner,

v.                                                         No. 23-cv-00443-KG-SCY

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondent.

## <u>MEMORANDUM OPINION AND ORDER TO SHOW CAUSE</u>

This matter is before the Court on Petitioner William Veck's 28 U.S.C. § 2254 habeas petition, filed May 22, 2023. Doc. 1. In the petition, Mr. Veck challenges his 2023 conviction for shooting at a dwelling or occupied building, a second-degree felony under New Mexico law. *Id.* at 1. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Mr. Veck to show cause why the petition should not be dismissed for failure to exhaust state court remedies.

## I.  BACKGROUND[1]

In April 2023, Mr. Veck pled no contest to the shooting at a dwelling or occupied building resulting in great bodily harm. Case no. D-623-CR-2022-00019, Plea & Disposition Agreement (Apr. 20, 2023). The state court entered a judgment, sentencing Mr. Veck to five years, ten months, and eleven days in prison. *Id.*, Judgment and Sentence (Apr. 24, 2023). In July 2023, Mr. Veck filed a state habeas petition. *Id.*, Habeas Corus Petition (July 31, 2023).

---

[1] To better interpret the citations in the petition, the Court takes judicial notice of Mr. Veck's state court criminal docket, Case no. D-623-CR-2022-00019. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Apparently unrelated to the then-pending habeas petition, the state court amended the judgment in August 2023, reducing Mr. Veck's term of imprisonment to five years, nine months, and twenty-seven days. *Id.*, Amended Judgment and Sentence (Aug. 11, 2023). Mr. Veck did not take a direct appeal from the Amended Judgment. The state court denied Mr. Veck's habeas petition on January 23, 2024. *Id.*, Order Dismiss Habeas Corpus (Jan. 23, 2024). Mr. Veck did not file a petition for a writ of certiorari in the New Mexico Supreme Court seeking review of that decision.

Mr. Veck filed a second state habeas petition on February 19, 2024. *Id.*, Habeas Corpus Petition (Feb. 19, 2024). The second petition, having been filed in the wrong district, was transferred to the sentencing court where it was docketed on March 5, 2024. *Id.*, Transferred to Other Jurisdiction (Feb. 23, 2024); Non-Opening Habeas Corpus Petition (Mar. 5, 2024). The second state habeas petition remains pending.

Mr. Veck commenced this federal habeas case on May 22, 2023, by filing the § 2254 petition presently before the Court. Doc. 1. In the petition, Mr. Veck challenges the validity of his conviction, appearing to argue that he received ineffective assistance of counsel and that his plea was not knowing or voluntary. Mr. Veck paid the $5 filing fee, and the matter is ready for initial review.

## II.  ANALYSIS

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v.*

*Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008); *see also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court *sua sponte*.").

The petition and the state court docket confirm that Mr. Veck has not presented the issues raised in the petition to the New Mexico Supreme Court—*i.e.,* the state of New Mexico's highest court—either by direct review of the conviction or in a postconviction attack. Mr. Veck has therefore not met the federal exhaustion requirement.

## III.  CONCLUSION

For the reasons above, **IT IS ORDERED** that within thirty days of the entry of this Order, Mr. Veck must show cause in writing why his § 2254 claims should not be dismissed without prejudice for failure to exhaust state remedies. Failure to timely respond will result in dismissal of this action without further notice.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

3