IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM S. VECK,

    Petitioner,

v.                                      No. 23-cv-0443-KG-SCY

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on Petitioner William Veck's 28 U.S.C. § 2254 habeas petition, filed May 22, 2023 (Doc. 1) (Petition). In a previous Memorandum Opinion and Order, the Court reviewed Veck's Petition and required him to show cause why the Petition should not be dismissed for failure to exhaust state court remedies. (Doc. 4) (the "Screening MOO"). Veck did not respond to the Court's show cause order. The Petition will be dismissed without prejudice for failure to exhaust state remedies for the reasons set forth herein.

I. BACKGROUND[1]

In April 2023, Veck pled no contest to the shooting at a dwelling or occupied building resulting in great bodily harm. *See* case no. D-623-CR-2022-00019, Plea & Disposition Agreement (4/20/2023). The state court entered a judgment, sentencing Veck to five years, ten months, and eleven days in prison. *See* case no. D-623-CR-2022-00019, Judgment and Sentence (4/24/2023). In July 2023, Veck filed a state habeas petition. *See* case no. D-623-CR-2022-

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Veck's state court criminal docket, Case no. D-623-CR-2022-00019. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

00019, Habeas Corus Petition (7/31/2023). Apparently unrelated to the then-pending habeas petition, the state court amended the judgment in August 2023, reducing Veck's term of imprisonment to five years, nine months, and twenty-seven days. *See* case no. D-623-CR-2022-00019, Amended Judgment and Sentence (8/11/2023). Veck did not take a direct appeal from the Amended Judgment.

The state court denied Veck's habeas petition on January 23, 2024. *See* case no. D-623-CR-2022-00019, Order Dismiss Habeas Corpus (1/23/2024). Veck did not file a petition for a writ of certiorari in the New Mexico Supreme Court seeking review of that decision.

Veck filed a second state habeas petition on February 19, 2024. *See* case no. D-623-CR-2022-00019, Habeas Corpus Petition. (2/19/2024). The second petition, having been filed in the wrong district, was transferred to the sentencing court where it was docketed on March 5, 2024. *See* case no. D-623-CR-2022-00019, Transferred to Other Jurisdiction (2/23/24); Non-Opening Habeas Corpus Petition (3/5/2024). The second state habeas petition was pending when Veck filed the Petition.

Veck commenced this federal habeas case on May 22, 202, by filing the Petition presently before the Court. (Doc. 1). In the Petition, Veck challenges the validity of his conviction, appearing to argue that he received ineffective assistance of counsel and that his plea was not knowing or voluntary. In the Screening MOO, the Court set forth its reasons for concluding that Veck's claims were apparently barred for failure to exhaust state remedies and allowed him to file a response showing cause why the Petition should not be dismissed on that ground. (Doc. 4). The response deadline expired on April 29, 2024. Veck did not file a timely response.

## II. ANALYSIS

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court *sua sponte*.").

The Petition and the state court docket confirm that Veck has never presented the issues raised in the Petition to the New Mexico Supreme Court—*i.e.,* the state of New Mexico's highest court, either by direct review of the conviction or in a postconviction attack. Veck has therefore not met the federal exhaustion requirement.

## III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Court's screening MOO (Doc. 4), Veck's Petition must be dismissed for failure to exhaust state remedies. As this conclusion is not reasonably debatable, the Court will deny a certificate of appealability under Habeas Corpus Rule 11. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong").

IT IS ORDERED that the Petition (Doc. 1) is DISMISSED without prejudice; a certificate of appealability is DENIED; and a separate judgment will be entered closing this case.

_____
UNITED STATES DISTRICT JUDGE